**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MICHAEL CORKER,**

   **Plaintiff,**

vs.                                                    Case No.  4:19cv359-MW/CAS

**W. WOODARD,**

   **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, on August 5, 2019.  Because Plaintiff did not file a motion requesting leave to proceed in forma pauperis status or pay the filing fee, an Order was entered in September directing Plaintiff to do one or the other if he wanted to proceed with this case.  ECF No. 3.

On September 23, 2019, Plaintiff filed a motion requesting leave to proceed in forma pauperis, ECF No. 4, but Plaintiff's motion was insufficient and did not comply with the prior Order.  Thus, another Order was entered explaining what Plaintiff must do to properly request in forma pauperis status.  ECF No. 5.

It is unclear whether Plaintiff received that Order, in spite of the fact that Plaintiff submitted a notice of change of address in mid-November 2020.  ECF No. 6.  The Clerk's Office re-mailed the Order to Plaintiff, but the docket indicates it was returned as undeliverable.  ECF No. 7.  It appears that the Order was again re-mailed to Plaintiff, but as of this date, Plaintiff's deadline for responding to the Order has expired.  Plaintiff has filed nothing further to indicate that he desires to proceed with this case.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005));  *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on December 20, 2019.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.